**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
UNITED STATES OF AMERICA,

          -against-

FRANK MELVEY, JR.,

          Defendant.
----------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**
2:07-cr-00055 (ADS)

FILED
CLERK
9:26 am, Dec 18, 2018
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**APPEARANCES:**

**Frank Melvey, Jr.**
*Pro Se Defendant*
905 N Cumberland Circle
Riverdale, GA 30296

**United States Attorney's Office**
**Eastern District of New York**
271 Cadman Plaza East
Brooklyn, NY 11201
    By:   Richard P. Donahue, United States Attorney,
           Catherine M. Mirabile, Assistant United States Attorney, Of Counsel.

**SPATT, District Judge**:

Defendant Frank Melvey, Jr. (the "Defendant") pled guilty to one count of possession with intent to distribute cocaine and fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1). On January 11, 2008, the Defendant was sentenced to 135 months' incarceration to be followed by five years' supervised release. On May 8, 2009, the Court reduced the Defendant's sentence to 120 months' incarceration to be followed by five years' supervised release. The defendant began his term of supervised release on February 19, 2016, which is scheduled to terminate on February 18, 2021.

Presently before the Court is the Defendant's motion, pursuant to 18 U.S.C. § 3583(e)(1), for early termination of his supervised release. For the following reasons, the Court denies the Defendant's motion.

## I. BACKGROUND AND DEFENDANT'S CONCENTIONS

Reviewing the memorandum and law in support of the Defendant's request for early termination of his supervised release, the Court discerns the following reasons advanced in support of his application:

1. The Defendant has fully complied with the terms of his supervision, including abstaining from drug use, fully obeying the law, and complying with the requirements of the Probation Department.

2. He is gainfully employed and supports himself financially.

3. He completed a program with the Urban League of Greater Atlanta and was honored by the City of Atlanta for his accomplishments.

4. He has three children and takes care of them without additional support.

ECF 43.

The Government opposes early termination. In a memorandum, it states:

> While the defendant's conduct is certainly laudable, the government submits that he, nevertheless, does not meet the standards for early termination of supervision. . . . The fact that the defendant has served a period of his incarceration and a portion of his term of supervised release is not "exceptional" and does not provide a reason to terminate his supervision.

ECF 45.

## II. DISCUSSION

The Court may terminate a term of supervised release and discharge a defendant "at any time after the expiration of one year of supervised release ... if it is satisfied that such action is

warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *see United States v. Lussier*, 104 F.3d 32, 36 (2d Cir.1997) (holding that pursuant to section 3583(e), a district court may permit the early discharge a defendant from supervised release "in order to account for unforeseen circumstances"). Early discharge is appropriate to "account for new or unforeseen circumstances" not contemplated at the initial imposition of supervised release. *See Lussier*, 104 F.3d at 36. Changed circumstances that justify early termination include a defendant's exceptionally good behavior that makes the previously imposed term of supervised release "either too harsh or inappropriately tailored to serve" general punishment goals. *Id.* This determination is within the discretion of the district court. *Id.*

When determining whether to grant such an application, the Court also must consider the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6). These factors are also weighed by the Court in determining the initial sentence. See 18 U.S.C. § 3583(e)(1); *Lussier*, 104 F.3d at 36 (the court must consider certain factors in section 3553(a) before ordering early termination of a term of supervised release).

After considering all the statutory factors, the Court finds that the Defendant has failed to present facts and circumstances that demonstrate the "exceptionally good behavior" referred to in the precedents. The Defendant has resumed his pre-incarceration life; apparently, has resumed his working endeavors; and has been restored to his family life. All of these activities are commendable but are expected of a person on supervised release and do not constitute the "exceptional behavior" contemplated in the precedents. *See, e.g.*, *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005); *United States v. Osorio*, No. 285201, 2016 WL 4098589, at *2 (E.D.N.Y. July 27, 2016); *United States v. Fenza*, No. CR 03-0921 ADS, 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013); *United States v. Gross*, No. CR 05-0717 ADS, 2012 WL 259923,

3

at *2 (E.D.N.Y. Jan. 27, 2012); *United States v. Jian Jing Qu*, No. CR 06-0758 ADS, 2011 WL 5121132, at *1 (E.D.N.Y. Oct. 26, 2011).

As stated in *Lussier*, early termination is not warranted as a matter of course; on the contrary, it is only "occasionally" justified due to "changed circumstances" of a defendant, such as "exceptionally good behavior." *Id.* at 36. Therefore, the Defendant is not entitled to early termination simply because he has successfully served a portion of his supervised release. While the Defendant's behavior in prison and on supervised release is laudable, it is not so unusual as to merit early termination. *See e.g.*, *United States v. Rasco*, 2000 WL 45438, No. 88 CR 819 (S.D.N.Y. January 19, 2000). Model prison conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination.

The Court notes, with approval, the language of United States District Judge Robert Sweet in *United States v. Medina*, 17 F.Supp.2d 245 (S.D.N.Y.1998):

> Termination of Medina's supervised release is premature. While his post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule.

*Id.* at 247.

Accordingly, the Defendant's application for early termination is denied.

It is **SO ORDERED**:

Dated: Central Islip, New York
December 18, 2018

                                                   /s/ Arthur D. Spatt
                                                    ARTHUR D. SPATT
                                            United States District Judge